UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | |
| v. : | No. 23-cr-275 (JMC) |
| : | |
| DAVID SCOTT STAPP, : | |
| : | |
| Defendant. : | |

**UNITED STATES' OPPOSITION TO DEFENDANT'S
MOTION TO TRAVEL INTERNATIONALLY**

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, files this opposition to Defendant David Stapp's motion to travel to Bahrain, ECF No. 108. Because the Defendant's requested international travel would overlap with his sentencing date, the Court should deny the motion.

On August 16, 2023, the United States charged the Defendant by Information for offenses related to the January 6, 2021 riot at the U.S. Capitol. On February 21, 2024, the Defendant pleaded guilty to Counts Three and Four of the Information, charging violations of 40 U.S.C. §§ 5104(e)(2)(D) and (e)(2)(G). After granting a prior request for a continuance of his sentencing, ECF No. 106, the Court set the Defendant's sentencing hearing for February 6, 2025. Since his initial appearance, the Defendant has been out of custody and his passport has been held by Pretrial Services.

On December 24, 2024, the Defendant moved for permission to travel to the Kingdom of Bahrain from January 5, 2025, through March 7, 2025, for a potential work opportunity. ECF No. 108. The Defendant's motion states that "[i]f permitted to travel, the defendant would still be able to appear remotely for his sentencing scheduled on Feb. 6, 2025." *Id.* at 2. He further states

1

that "[f]f the Court were inclined to impose a period of incarceration, the defendant is an excellent candidate for self-surrender, which he could do once he returns to the U.S." *Id.*

The Court should deny the Defendant's request to be sentenced by video while outside of the United States. While the United States did not oppose a prior motion to continue the Defendant's sentencing so that he could pursue a volunteer opportunity in North Carolina, the instant motion is substantially different. First, the Defendant's motion presents no legal authority to suggest that this Court would have jurisdiction to sentence a defendant who is not located within the territorial jurisdiction of the United States. It might be technologically possible to set up a Zoom link for the Defendant while he is in Bahrain, but it is entirely another question whether doing so is permitted under the law. The lack of legal support is enough for the Court to deny the Defendant's motion, or, at a minimum, require briefing on the issue and allow counsel for the United States to confer with subject matter experts within the Department of Justice. Given that the Defendant filed his motion on Christmas Eve, that will inevitably require some time.

Second, the Defendant has pleaded guilty to serious offenses stemming from the riot at the U.S. Capitol, and the Court is obligated to enforce conditions of release that will ensure his appearance at sentencing. *See* 18 U.S.C. § 3143(a). While the United States has not finalized its sentencing position for the Defendant, the offenses to which the Defendant pleaded guilty carry potential terms of imprisonment of up to six months. If the Court were to impose a term of imprisonment, the Defendant's being located outside of the United States could substantially delay the date when the Defendant can begin serving that sentence. Given that there is more than a month between the sentencing date and the date when the Defendant intends to return from Bahrain, the interests of justice weigh strongly against allowing travel here. The same is true if the Court were to impose home detention, rather than a term of imprisonment. And the Defendant's offer that he

simply "self-surrender . . . once he returns to the U.S." would box the Court in at sentencing—after all, there would be no option other than allowing self-surrender.

In summary, the Court should deny the Defendant's motion. If the Court is inclined to entertain the motion further, the United States respectfully requests that the Court set a status conference to discuss the implications of the Defendant being located outside of the United States during sentencing.

                                              Respectfully submitted,

                                              MATTHEW M. GRAVES
                                              United States Attorney
                                              D.C. Bar No. 481052

By:    */s/ Terence Parker*
          TERENCE PARKER
          Trial Attorney (detailee)
          U.S. Attorney's Office for the District of Columbia
          New York Bar No. 5775192
          Terence.Parker3@usdoj.gov
          (202) 803-1600

          */s/ Sara E. Levine*
          SARA E. LEVINE
          Assistant United States Attorney
          VA Bar No. 98972
          601 D Street NW
          Washington, DC 20530
          sara.levine@usdoj.gov
          (202) 252-1793

*Counsel for the United States*