# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| v. | : | No. 23-cr-275 (JMC) |
| | : | |
| **DAVID SCOTT STAPP,** | : | |
| | : | |
| **Defendant.** | : | |

### UNITED STATES' OPPOSITION TO DEFENDANT'S MODIFIED MOTION TO TRAVEL INTERNATIONALLY

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, files this opposition to defendant David Stapp's motion to travel to Bahrain, ECF No. 112. The defendant's requested international travel would present a flight risk. The defendant has provided no safeguards to ensure his compliance with his other release conditions or his return from his international travel. The Court should deny the motion.

On August 16, 2023, the United States charged the Defendant by Information for offenses related to the January 6, 2021 riot at the U.S. Capitol. On February 21, 2024, the Defendant pleaded guilty to Counts Three and Four of the Information, charging violations of 40 U.S.C. §§ 5104(e)(2)(D) and (e)(2)(G). After granting a prior request for a continuance of his sentencing, ECF No. 106, the Court set the Defendant's sentencing hearing for February 6, 2025. Since his initial appearance, the Defendant has been out of custody and his passport has been held by Pretrial Services.

On December 24, 2024, the Defendant moved for permission to travel to the Kingdom of Bahrain from January 5, 2025, through March 7, 2025, for a potential work opportunity. ECF No. 108. The Court denied this motion noting the last-minute nature of request made it difficult to assess. Minute Order December 31, 2024.

1

The defendant now brings another request to travel to the Kingdom of Bahrain. ECF No. 112. The defendant now request travel from January 12, 2025 to January 31, 2025, and the defendant would be present for the sentencing. *Id.* 1-2.

Under the Bail Reform Act, the touchstone of the pretrial detention inquiry is whether a defendant's "release will not reasonably assure the appearance of the person as required or will endanger the safety of any other person or the community." 18 U.S.C. § 3142(b). Imposition of a condition or combination of conditions of release may be necessary to achieve such assurance. *Id.* § 3142(c). "[I]n determining whether there are conditions of release that will reasonably assure the appearance of the person as required and the safety of any other person and the community," the Court must take into account the following factors:

(1) the nature and circumstances of the offense charged. . .

(2) the weight of the evidence against the person; Case 1:23-cr-00281-CJN Document 25

(3) the history and characteristics of the person, including—

(A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and

(B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and

(4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release . . . .

*Id.* § 3142(g). The defendant should be "subject to the least restrictive . . . condition, or combination of conditions, that [the Court] determines will reasonably assure the appearance of the person as required and the safety of any other person and the community." *Id.* § 3142(c)(1)(B); *see generally United States v. Viau*, No. CR 19-09 (CKK), 2019 WL 3412920, at *2 (D.D.C. July 29, 2019). The judicial officer may at any time amend the order to impose additional or different conditions of release. 18 U.S.C. § 3142(c)(3).

International travel restrictions are a commonsense restriction. "International travel restrictions are imposed due to the simple fact that once the defendant leaves the United States, the District Court, the Pretrial Services Agency, and U.S. law enforcement lose jurisdiction over him. If a defendant in the United States removes his GPS bracelet or travels beyond his permitted boundaries, the Pretrial Services Agency can send its officers, U.S. marshals, or local law-enforcement to search for and detain him. Those options are not available if the defendant takes those actions while traveling in a foreign country." *United States v. Irizarry*, No. 22-3028, 2022 WL 2284298, at *2 (D.C. Cir. June 24, 2022) (Wilkins, J., dissenting). Applying the 3142(g) factors to this case, no conditions can reasonably assure the Court that the defendant will return for sentencing, and the trip should be denied. Should the Court disagree, however, it should at the very least impose additional conditions on the trip to mitigate that risk.

While the government agrees that if the defendant returned the jurisdictional issues related to sentencing itself would be resolved, the international travel still creates a flight risk. Additionally, the request for travel four days before it is scheduled to begin does not allow time for appropriate consideration of conditions that would ensure the defendant's return before his scheduled sentencing. The defendant has provided no indication how this court or Pretrial Services would communicate with him or monitor him while he is outside the United States. He simply

requests that the Court allows him to travel internationally without any safeguards in place to mitigate the risk of flight.

The defendant has pleaded guilty to serious offenses stemming from the riot at the U.S. Capitol, and the Court is obligated to enforce conditions of release that will ensure his appearance at sentencing. *See* 18 U.S.C. § 3143(a). While the United States has not finalized its sentencing position for the Defendant, the offenses to which the Defendant pleaded guilty carry potential terms of imprisonment of up to six months.

Therefore, for the foregoing reasons, the government respectfully requests the Court should deny the Defendant's motion. If the Court is inclined to entertain the motion further, the United States requests that the Court set a status conference to discuss conditions that would ensure the defendant's return to the United States.

Respectfully submitted,

MATTHEW M. GRAVES
United States Attorney
D.C. Bar No. 481052

By:   /s/ *Terence Parker*
TERENCE PARKER
Trial Attorney (detailee)
U.S. Attorney's Office for the District of Columbia
New York Bar No. 5775192
Terence.Parker3@usdoj.gov
(202) 803-1600

/s/ *Sara E. Levine*
SARA E. LEVINE
Assistant United States Attorney
VA Bar No. 98972
601 D Street NW
Washington, DC 20530
sara.levine@usdoj.gov

(202) 252-1793

*Counsel for the United States*